NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

SAM DI MARCO, PETITIONER, v. LETTIERE AND BEL-
LEZZA COMPANY, RESPONDENT.

For the petitioner, *Alex R. Desevo.*

For the respondent, *McDermott, Enright & Carpenter,* by
*Carl S. Kuebler.*

\*       \*       \*       \*       \*       \*       \*

The petition alleged that the petitioner sustained an injury
in an accident which occurred on September 30th, 1927, on
Grand street, Jersey City, which accident occurred when he
was lifting a concrete mixer and let it go so that it struck
him on his head. It is admitted by the respondent that the
petitioner sustained an accident on said date while in its em-
ployment and that the petitioner stepped to the side of the
concrete mixer for a drink of water; that he did not notice
the loading hopper in the air, and as he walked back to his
work the hopper struck him on his head.

The respondent admits on the record in this case that the
petitioner sustained an injury to his left ear which has re-
sulted in total loss of hearing, and that the respondent agreed
to pay the petitioner the amount of the informal award as
made in this case, to wit, thirteen and two-sevenths weeks for
temporary compensation and forty weeks for loss of hearing of
the left ear.

The respondent further admits that the petitioner has a loss of vision in the left eye equal to about five per cent., but denies that the petitioner is suffering at the present time from any other injuries as a result of said accident and claims that the scar on his head which is about ten inches long was the result of a laceration which was not deep; that there was no fracture and that there are no neurologic symptoms present.

The petitioner is satisfied with the respondent's contention so far as the loss of hearing and the loss of vision is concerned. He claims that there is also a neurological disturbance.

I have listened to the testimony of Dr. Botti produced by the petitioner who testifies that there is evidence of neurological disturbance, and that the man is disabled to the extent of twenty-five per cent. of total disability, including everything.

I have also listened to the testimony of Dr. William J. Arlitz for the respondent, who testifies that the man's disability in his opinion is limited to the loss of hearing and diminution of vision and slight structural changes caused by the laceraton of the scalp, and that there are no neurological symptoms, and that in his opinion twelve and one-half per cent. of total would be a liberal estimate of the petitioner's disability.

I find that the disability of the petitioner is twelve and one-half per cent. of total which includes the loss of hearing and loss of vision.

\*      \*      \*      \*      \*      \*      \*

CHARLES E. CORBIN,
*Deputy Commissioner.*